## FLEMING v. KEMP, Appellant.

### Division One, November 26, 1902.

1. **Adverse Possession:** LICENSE: FENCES BUILT "FOR CONVENIENCE." A hedge was set twenty feet back from the division line because a strip that wide had been granted for a public road. This road was afterwards vacated, and thereupon defendant built his fences across the strip and joined to the hedge. *Held*, if the defendant by permission or under license of the owner of the hedge built his fences to join thereto and thereby incidentally included the strip, that permission or license was revocable at any time, and the possession begun thereunder is presumed to have continued under that license and in subordination to the title of the owner of the hedge until open assertion by defendant to the contrary and notice thereof brought home to the other. But, an instruction that says that if the defendant built the fences across the strip "as a matter of convenience" then "the enjoyment of that convenience" was revocable, etc., and that, "if the jury believe that the adjacent landowners fenced across the strip as a matter of convenience," does not require the jury to find that the fences were joined to the hedge by the permission of or under a license from the owner.

2. **Instruction:** AMBIGUOUS: USE OF PARTICIPLE. The use of the word "failing" in the clause, "and failing to show the finding should be for the plaintiff," instead of "if he has failed," etc., is not of itself reversible error as being a declaration by the court that defendant has failed to so show, but an instruction less liable to that interpretation should have been given.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

REVERSED AND REMANDED.

*G. W. Barnett* for appellant.

*Charles E. Yeater* for respondent.

VALLIANT, J.—Ejectment for a strip of land twenty feet wide and six hundred and thirty feet long in Pettis county. It is a controversy about a division line. The plaintiff's title deeds locate his land in section 15, defendant's deeds locate his in section 14, and according to their deeds the dividing line between sections 14 and 15 is the line between the plaintiff's and defendant's lands.

The testimony for the plaintiff tended to show that by a correct survey of the line between the two sections mentioned, the land in dispute is in section 15 and is therefore embraced in the plaintiff's title deeds. There was some testimony to the contrary for defendant, but the case having been submitted to the jury upon evidence and instructions unobjectionable as to that issue, and the verdict being for the plaintiff, the defendant concedes that he has no ground of complaint on that point.

The testimony on the part of the defendant tended to show that he and those under whom he claimed had been in adverse possession of the strip in question for more than ten years before the commencement of the suit. There was a hedge extending north and south which, according to the plaintiff's testimony, was twenty feet inside his line. This hedge the defendant claims is the true division line, and his testimony tended to show that his fences running east and west joined the hedge, making it his western boundary; that his fences had been so maintained for more than ten years before the commencement of the suit, during which period he and those under whom he claimed occupied and adversely claimed to own up to the hedge. On this point the plaintiff's testimony in rebuttal tended to show that he and the man who then owned the land the defendant now owns, in 1869, executed deeds granting to the county the right of way for a public road forty feet wide, twenty feet each, covering the strip in dispute, and that the plaintiff had planted the hedge

twenty feet inside his line to conform to that grant; that after the road had been used for several years it was vacated by order of the county court, and after that one Hall, who then owned the land defendant now owns, asked of plaintiff permission to run his fences across what had been the public road and join them to the hedge to save building a fence more than 600 feet in length, and that the plaintiff granted the permission requested, purely as a neighborly act, telling Hall at the same time that when it suited plaintiff to do so he would abandon the hedge and build a fence on his own line, and that the fences under which defendant claims were built under that license. The dispute as to that fact constitutes the chief issue now in the case.

The only instruction given by the court on that point was at the request of the plaintiff, and was as follows:

"2. The court instructs the jury that if they believe from the evidence that the plaintiff, Fleming, was the owner of the strip in controversy and that the same was dedicated for road purposes, and the road was afterwards vacated, then such strip reverted back to the plaintiff, and if the jury further believe that the adjacent landowners fenced across such strip as a matter of convenience, then such fact can not be made the foundation for any claim to a right or interest in defendant to such land, and the enjoyment of the convenience of joining such fences across the strip to the hedge fence was revocable at the will of Fleming and can not be made the basis for the application of the statute of limitations, and the possession after entry under such a license is presumed to continue under such license until defendant or some of his predecessors, by an open and explicit avowal and disclaimer of a holding under the license, and an assertion of an unfriendly holding hostile to the plaintiff or by acts equivalent thereto, is brought to the notice or knowledge of plaintiff to the effect that the then holder proposed to oust him, and, together with his actual possession, pro-

posed to claim the right and title to such land against him."

To the giving of which defendant duly excepted. The only other instruction now complained of was as follows:

"5.    The court instructs the jury that if they believe from the evidence that the strip in dispute is in section fifteen, then it devolves on defendant to show by the greater weight of the testimony that he has adversely occupied such strip as explained by the other instructions, and failing to so show, the finding should be for the plaintiff on the issue of adverse possession."

There were other instructions given, but appellant assigns for error only the giving of those two.    There was a verdict and judgment for plaintiff and the defendant appeals.

There is little, if any, difference of opinion between the counsel as to the principles of law governing the case.    Appellant does not dispute the proposition that entry and possession under a license from the owner, either oral or in writing, is not adverse and can not become the foundation of a title by limitation though the possession continue ten years; nor that an entry and possession begun in subordination to the true title can not become adverse until an open and explicit repudiation of the license with assertion of title in himself by the man in possession, or acts equivalent thereto and notice thereof to the true owner. The authorities cited in the brief of counsel for respondent sustain those views.

Therefore, if the defendant's grantor, or one under whom he claims, built his fences to join the hedge by permission or under license of the plaintiff and thereby incidentally included the strip of land in suit in the inclosure, that permission or license was revocable at any time by the plaintiff, and the fact of the inclosure, though it continued for the statutory period, can not be made the foundation of title in the defendant to prevail against the plaintiff's title.    And posses-

sion begun under that license will be presumed to continue under it and to be subordinate to the plaintiff's title until open assertion by defendant to the contrary and notice thereof brought to the plaintiff. That may have been the principle that was intended to be announced in instruction 2, but if so, it is not sufficiently expressed and is lacking in expression on the most essential point. The jury are not required by that instruction to find that the fences were built by permission or license of the plaintiff, but are instructed that if the owners built the fences across the strip "as a matter of convenience," then "the enjoyment of that convenience" was revocable at the will of the plaintiff and furnished no basis for a claim under the statute of limitations. The writer of the instruction, if he was aiming to present the license theory above stated made the mistake of using the expression, "if the jury believe that the adjacent landowners fenced across the strip as a matter of convenience." as equivalent to the expression "if the jury believe that the adjacent landowners fenced across the strip under leave or license of the plaintiff." But there is a wide difference in the meanings of the two expressions. Men generally build fences on their own land "as a matter of convenience," without the leave or license of their neighbors, and the mere fact that a fence is built for convenience, or located most economically, does not impair its effect as a visible indication of ownership. The giving of that instruction was error.

Appellant's criticism of instruction 5 is that it declares that defendant has failed to show that his occupancy was adverse and is equivalent to a peremptory instruction to find for the plaintiff. This criticism is based on the use of the participle in the sentence "and failing to so show the finding should be for the plaintiff," etc, instead of saying, "if he fails (or if he has failed) to so show," etc. It is insisted that the word "failing" in that connection is equivalent to "having failed." If the case was otherwise free from error we would not consider the form of this

instruction so objectionable, in view of its connection with other instructions, as to require a reversal, but as the case is to be retried we deem it proper to say that the use of the verb instead of the participle would render the sentence less liable to the interpretation that the counsel for appellant puts upon it.

For the error above pointed out in instruction 2 the judgment is reversed and the cause remanded to be retried according to the law as herein declared.

All concur.